IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY P. ALEXANDER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-02776-S (BT) |
| | § | |
| DALLAS COUNTY HEALTH AND | § | |
| HUMAN SERVICES | § | |
| DEPARTMENT, et al. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* plaintiff Timothy P. Alexander's request to enjoin ongoing state-court eviction proceedings against him—proceedings that he has also tried to remove to this Court. ECF No. 2; Am. Compl. (ECF Nos. 9, 15); *see also* Rem. Not. (ECF No. 13); Am. Rem. Not. (ECF No. 14). For the reasons set forth below, the Court should remand the eviction proceedings to state court and deny Alexander's request to enjoin those proceedings pursuant to *Younger v. Harris,* 401 U.S. 37 (1971).

**Background**

According to his pleadings, Alexander received rental assistance payments in 2022 and 2023, from the Dallas County Health and Human Services Department (the "Department") pursuant to its Emergency Rental Assistance Program (ERA), which is funded by the federal government under the

Consolidated Appropriations Act of 2021, 15 U.S.C. § 9058a, and the American Rescue Plan of 2021, 15 U.S.C. § 9058c. ECF No. 15 at 4-7.

In June 2023, however, a Department caseworker informed Alexander by email that he had received 17 months of rental assistance and, under regulations implementing the federal legislation, he was eligible to receive benefits for only one more month. ECF No. 9-2. Alexander replied, noting his "concerns" with the June 2023 email. The next month, the Department "Grants Management Officer," replied to Alexander and confirmed that his eligibility for further rental assistance would expire soon. ECF No. 15 at 5; ECF No. 9-1.

Alexander claims that the Department forged documents to make it appear that he began receiving benefits earlier than he did and to obscure the fact that some benefits he received were under EHAP-2021—another rental assistance program with a different source of funding—and therefore could not apply to the 18-month limit for assistance under the Consolidated Appropriations Act and the American Rescue Plan. ECF No. 15 at 5. According to Alexander, two Department employees made—and continue to make—false statements that he was receiving ERA benefits in March and April 2022, when, in fact, he was receiving EHAP-2021 benefits. ECF No. 15 at 6. Alexander claims that the Department used the "fraudulent" emails and documents to terminate his rental assistance without an opportunity to appeal or dispute the termination. ECF No. 15 at 5.

On November 23, 2023, Alexander's landlord filed an eviction petition in a Dallas County Justice of the Peace Court. *See Sharon Moore Family Trust by Lochhead Properties, Inc. v. Timothy P. Alexander, et al.*, JPC-23-04905-22; ECF No. 13-7 at 4. And on December 11, 2023, the Justice Court entered a default judgment against Alexander for possession and delinquent rent. ECF No. 13-6. Alexander filed a "motion to set aside default judgment and notice of hearing." ECF No. 13-9 at 7. He also appealed the judgment. ECF No. 13-5 at 2.

Alexander filed this federal action on December 17, 2023. ECF Nos. 1, 2. He claims that Defendants are liable under the Consolidated Appropriations Act of 2021, 15 U.S.C. § 9058a; the American Rescue Plan Act of 2021, 15 U.S.C. § 9058c; 42 U.S.C. §§ 1983, 1985, 1986, and 1988; Title VI; and federal criminal law based on their actions that led to the denial of his rental assistance benefits and eviction. He seeks an injunction to "stay the pending eviction proceedings in JPC 2-2 and to order [his] rental assistance benefits to be reinstated and the past due amount to be paid to stop the eviction suit without causing an undue financial burden on [his] landlord." ECF No. 1 at 6; *see also* ECF Nos. 9, 15. He also seeks monetary relief. ECF No. 15 at 8.[1]

On January 4, 2024, Alexander tried to remove the eviction proceedings into this action. ECF No. 13, ECF No. 14.

---

[1] This FCR does not address Alexander's claims for monetary damages. Those claims remain pending subject to judicial screening. *See* 28 U.S.C. § 1915(e)(2).

## Analysis

The Court should remand Alexander's purported removal of the eviction proceedings to state court and deny his request for injunctive relief pursuant to the *Younger* abstention doctrine.

1. <u>The Court lacks subject matter jurisdiction over the eviction action and should remand it to state court</u>.

Alexander has attempted to remove eviction proceedings from the Dallas County Justice of the Peace Court into this proceeding, claiming that the state court's refusal to let him participate in hearings by Zoom violates the Constitution. *See* ECF Nos. 13, 14.

The general removal statute, 28 U.S.C. § 1441(a) allows a defendant to remove a case to the federal district court for the district and division within which the underlying state action is pending, as long as the district court possesses original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" (federal question jurisdiction), or over civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded." 28 U.S.C. § 1447(c).

With regard to federal question jurisdiction, whether it exists in a removal action is based on the allegations in a plaintiff's "well-pleaded complaint."

4

*Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). That is, "federal question jurisdiction depends on whether there appears on the face of the complaint some substantial, disputed question of federal law." *Baron v. Strassner*, 7 F. Supp. 2d 871, 873 (S.D. Tex. 1998) (internal quotation marks and citations omitted). "Generally, under the well-pleaded complaint rule, a case does not arise under federal law and thus is not removable if the complaint does not affirmatively allege a federal claim and instead asserts only state law causes of action." *ONM Living LLC v. Johnson*, 2023 WL 4035410, at *3 (E.D. Tex. May 24, 2023), *rec. accepted* 2023 WL 4033334 (E.D. Tex. June 15, 2023) (citations omitted). It is not sufficient that the federal question is "raised in the answer or in the petition for removal." *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam).

The removing party bears the burden of establishing federal jurisdiction. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). And a federal court has an independent duty, at any level of the proceedings, to determine that it has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "Therefore, even though no motion to remand has been filed, the Court may [indeed must] consider whether it has subject matter jurisdiction over an eviction proceeding removed to federal court." *ONM Living*, 2023 WL 4035410, at *2.

And here, no federal jurisdiction exists. The petition filed in the Dallas County Justice Court asserts a single cause of action for forcible detainer, or eviction, with the primary purpose of obtaining physical possession of the property

5

under state law. ECF No. 13-7 at 4. "[A] forcible detainer action is a state law claim that provides no basis for federal question jurisdiction." *ONM Living LLC*, 2023 WL 4035410, at *2. (collecting cases). The eviction petition does not raise any question under federal law, nor does the plaintiff's right to relief depend on the resolution of any substantial, disputed question of federal law. *See*, *e.g.*, *Alden Short Inc. v. Bailey*, 2015 WL 12712703, at *1 (N.D. Tex. Apr. 7, 2015) ("However, eviction proceedings generally arise under state law and do not raise a federal claim or provide a basis for federal question jurisdiction.") (citing *Stump,* 322 F. App'x at 380) (further citation omitted).

Similarly, there is no basis for diversity jurisdiction. The petition does not allege the parties' citizenship, and the amount in controversy is only $5,200. ECF No. 13-7 at 4.

Given the lack of subject matter jurisdiction over the removed eviction proceedings, the Court should remand those proceedings to the Dallas County Justice Court from which they were removed.

2. <u>The Court should dismiss Alexander's request to enjoin the ongoing eviction proceeding</u>.

As part of the relief requested, Alexander seeks an order enjoining the eviction proceedings and requiring Defendants to pay 18 months of rental assistance "retroactively," "curing the unpaid rent of the eviction case." ECF No. 15 at 8; ECF No. 9 at 7; ECF No. 1 at 6. He explains that he will be irreparably injured

6

if an injunction is not issued because of the judgment against him, which results in "an immediate threat of lost housing." ECF No. 15 at 7; ECF No. 9 at 6.

A federal court can only grant a preliminary injunction if the movant establishes that: "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). If a party fails to meet any of these requirements, the Court cannot grant the preliminary injunction. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985).

But even if those requirements are otherwise met, comity doctrines preclude, in some cases, federal courts from enjoining state proceedings outright or issuing injunctions that otherwise interfere with ongoing state proceedings.

Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction over requests to enjoin state proceedings when "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir.

2012) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'*, 457 U.S. 423, 432 (1982)).

*Younger* and its progeny require federal courts to abstain from entering injunctions that would interfere with state court proceedings, whether they are criminal, non-criminal, or administrative in nature, so long as important state interests are involved. *Word of Faith World Outreach Ctr. Church v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993); *see also Thomas v. State*, 294 F. Supp. 3d 576, 593 (N.D. Tex. 2018), *rec. accepted* 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) ("While it was once thought that *Younger* applied only to state criminal or 'quasi-criminal' proceedings, the [Supreme] Court has now made it clear that '[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved.'") (citations omitted).

"Many courts have faced similar requests for injunctive relief regarding state eviction proceedings and have abstained based on the *Younger* doctrine." *Hernandez v. PreCab, Inc.*, 2015 WL 12747815, at *2 (E.D. Tex. Aug. 25, 2015) (citing *Chamberlain v. 625 Orleans, LP*, 2011 WL 1627080, at *1 (E.D. Tex. Apr. 18, 2011), *rec. accepted* 2011 WL 1629648 (E.D. Tex. Apr. 28, 2011); *Brucker v. Tax Assessor Collectors*, 2011 WL 841060, at *1-2 (W.D. Tex. Mar. 4, 2011); *Zeller v. Ventures Tr.*, 2015 WL 4720313, at *4 (D. Colo. Aug. 10, 2015); *Wadhwa v. Aurora Loan Serv. LLC*, 2011 WL 4566107, at *3 (E.D. Cal. Sept. 29, 2011); *see also Weaver v. Parker*, 2023 WL 7232851, at *2 (E.D. Tex. Oct. 6, 2023), *rec. accepted* 2023 WL 7221343 (E.D. Tex. Nov. 2, 2023) (finding that *Younger* abstention

deprived court of jurisdiction over request to stop pending "foreclosure and/or eviction proceeding").

This Court should likewise abstain from Alexander's request to enjoin the eviction proceedings.

First, the state eviction proceedings are ongoing. ECF No. 1 at 6. Though the Justice Court entered a default judgment against Alexander on December 11, 2023, he has appealed that judgment. *See* ECF No. 13-5 at 2; *see also Thomas*, 294 F. Supp. 3d at 594 (noting that the state interest triggered by the state proceeding continues through the completion of the state appeals process).

Second, the eviction proceedings involve an important state interest in real property rights. *See Weaver*, 2023 WL 7232851, at *2 (citing *Chamberlain*, 2011 1627080, at *3); *see also Matava v. CTPPS, LLC*, 2022 WL 462396, at *4 (D. Conn. Feb. 15, 2022) ("The requirements of *Younger* abstention are met here, as to any ongoing eviction proceedings: (1) there is an ongoing state proceeding; (2) an important state interest, the disposition of real property, is implicated; and (3) plaintiff may raise any constitutional claims in state court.") (footnote and citations omitted).

And third, Alexander has not alleged facts showing that he has not been afforded an opportunity to present the federal claims that he presents here in the state court proceedings. *See id.* ("Plaintiff has not alleged facts showing that she has not been afforded an opportunity to present constitutional challenges in the

state court proceedings. As a result, abstention is appropriate to the extent Plaintiff seeks injunctive relief protecting her from eviction and foreclosure.").

Thus, Alexander's motion for injunctive relief should be denied under the *Younger* abstention doctrine.

## Recommendation

The Court should remand Alexander's eviction proceedings to the Dallas Justice of the Peace Court from which they were removed and deny his motion for injunctive relief (ECF No. 2) under the *Younger* abstention doctrine.

SIGNED January 16, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).